UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-80704-CIV-RYSKAMP/VITUNAC

JEAN ROTH,

    Plaintiff,

v.

HARRAH'S TUNICA
CORPORATION,

    Defendant.
_____/

### ORDER GRANTING PLAINTIFF'S AMENDED VERIFIED MOTION TO TAX COSTS AND ATTORNEY'S FEES

THIS CAUSE comes before the Court pursuant to Plaintiff Jean Roth's ("Plaintiff") Amended Verified Motion to Tax Costs and Attorneys' Fees, filed January 30, 2007 **[DE 88]**. Defendant Harrah's Tunica Corporation ("Defendant") responded on January 31, 2007 **[DE 89]**. Plaintiff did not reply. This motion is ripe for adjudication.

This case came before the undersigned for jury trial in January 8, 2007. The jury entered a verdict in favor of Plaintiff in the amount of $4,400.00 of which Plaintiff was entitled to $2,860.00. The Court entered a final judgment in favor of Plaintiff on January 9, 2007.

Plaintiff files this motion to recover prevailing party costs pursuant to Fed. R. Civ. P. 54(d). Plaintiff also filed this motion to recover attorneys' fees to which the Court held she was entitled in its October 31, 2006 **[DE 57]** Order Granting Plaintiff's Motion to Compel.

The costs allowed to a prevailing party are those items specifically set out on 28 U.S.C. § 1920, which allows for recovery of the following costs:

  (1) Fees of the clerk and marshal;
  (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
  (3) Fees and disbursements for printing and witnesses;
  (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
  (5) Docket fees under section 1923 of this title;
  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Plaintiff seeks costs for copying fees ($262.95), filing fees ($250.00), witness fees ($40.00), service of process fees ($285.00), mediation fees ($366.50) and video editing fees ($175.00). Although Defendant only objects to the requested witness fees, the Court notes that several of the requested costs are not recoverable under the statute. The Court will address each of the fees requests individually.

The $262.95 in costs incurred in copying Plaintiff's medical records is recoverable pursuant to 28 U.S.C. § 1920(4). The $250.00 court filing fee is recoverable under 28 U.S.C. § 1920(1).

Plaintiff's invoices indicate a $900.00 fee paid to Louis Witonsky, M.D., but Plaintiff stipulates to the reduction of this amount to $40.00 because Dr. Witonsky testified at trial as a treating physician, not an expert. Plaintiff's invoices also request reimbursement of a $200.00 consultation fee paid to Michael Kresbach, M.D., who did not testify at trial either as an expert witness or a treating physician and played no role in trial preparation. Although Plaintiff's invoices contain the invoice from Dr. Kresbach, Plaintiff's itemized list of costs does not include this doctor's $200.00 fee. As a result, the Court is not entirely clear as to whether Plaintiff is

actually requesting reimbursement for this fee. Whether or not Plaintiff is so requesting is moot, however, as this witness did not testify at trial and played no role in preparation for trial. Plaintiff may recover total of $40.00 in witness fees.

Plaintiff requests a total $285.00 for service of process fees. The United States Marshals Service no longer effects service of process in civil matters, thereby requiring parties to retain the services of private process servers. The Eleventh Circuit allows recovery for private process server fees pursuant to 28 U.S.C. § 1920(1) so long as such fees do not exceed the statutory fees set forth in 28 U.S.C. § 1921. See United States EEOC v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). The United States Marshals Service's service of process fee is $45.00 an hour, plus travel and any out-of-pocket expenses. See 28 CFR § 0.114. Here, Plaintiff had to attempt service on Defendant twice because Defendant's registered agent was misidentified on the State of Mississippi Secretary of State website. Plaintiff shall thus be entitled to recover for both instances of service of process, but shall only be entitled to recover a total of $90.00, or $45.00 for each attempt, because Plaintiff has failed to substantiate that the process server incurred any travel costs or out-of-pocket expenses.

Finally, Plaintiff requests $366.50 in mediation fees and $175.00 in video editing fees. The Court is bound to apply the language of the statute as written, and the statute does not allow recovery for mediation or video editing fees. See Comin v. Walt Disney Co., 468 F.3d 1329, 1346 (11th Cir. 2006), *vacated and superseded on other grounds*, 475 F.3d 1239, (rejecting request for mediation fees on grounds that statute does not so allow); Long v. Athos Corp., 2006 WL 1722350, at *2-3 (M.D. Fla. June 20, 2006) (authorizing private process server fees but

denying request for mediation fees because the statute does not provide for such).  Accordingly, the Court holds that Plaintiff may recover a total of $642.95 in costs.

Plaintiff also requests $1,200.00 in attorneys' fees incurred in filing the September 22, 2006 motion to compel, which the Court granted on October 31, 2006.  Counsel for Plaintiff indicates that her hourly rate is $250.00 and that she spent 4.8 hours working on the matter, which included drafting the motion, drafting the reply and reviewing the docket.  Counsel for Plaintiff has attached the affidavit of Thomas G. Guzda, Esq., which indicates that both the fee and time spent are reasonable.  Defendant does not object to the amount of the fee.  The Court agrees that such fee is reasonable.  Accordingly, it is hereby

ORDERED AND ADJUDGED that the Amended Verified Motion to Tax Costs and Attorneys Fees, filed January 30, 2007 **[DE 88]** is GRANTED.  Costs are taxed in the amount of $642.95, and attorneys' fees are taxed in the amount of $1,200.00.  Let execution issue forthwith.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 12th day of April, 2007.

                                                        S/Kenneth L. Ryskamp
                                                        KENNETH L. RYSKAMP
                                                        UNITED STATES DISTRICT JUDGE